IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-1171-CIV-GOLD
(Magistrate Judge Simonton)

DEL MONTE FRESH PRODUCE
COMPANY and DEL MONTE FRESH
PRODUCE N.A., INC.

        Plaintiffs,

v.

DOLE FOOD COMPANY, INC. and
DOLE FRESH FRUIT COMPANY, and
DANIEL W. FUNK,

        Defendants.
_____/

PLAINTIFFS' MOTION TO MODIFY CONFIDENTIALITY ORDER,
OR, IN THE ALTERNATIVE,
FOR A PROTECTIVE ORDER AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs Del Monte Fresh Produce Company and Del Monte Fresh Produce N.A., Inc. (collectively "Del Monte" or "plaintiffs") hereby move this Court to modify the confidentiality order in this case, or alternatively to enter a protective order that affords fuller protection to confidential trade secret information to be produced by Del Monte or by defendants Dole Food Company, Inc. and Dole Fresh Fruit Company (collectively "Dole"). Specifically, Del Monte requests that certain "highly confidential" information -- information that discloses the substance of trade secrets or other proprietary information -- be protected from disclosure to all employees,

MI-110128 v1 0431190-0905

including in-house counsel, of an adverse party, and that the litigants be required to exercise additional care in selection of consultants to whom such information is disclosed.

## FACTUAL BACKGROUND

On March 28, 2000, in <u>Del Monte Fresh Produce Company et al. v. Dole Food Co., et al.</u>, Case No. 00-1171-CIV-Gold, Del Monte sued Dole for misappropriation of trade secrets, violation of the Lanham Act, conversion, and violation of Florida's Unfair and Deceptive Trade Practices Act. These claims arose from Dole's misappropriation of Del Monte's MD-2 pineapple, and subsequent portrayal of the variety as one Dole itself had developed.

The parties agreed to and this court entered a Protective Order Re: Confidential Information ("Protective Order") in <u>Del Monte Fresh Produce Company et al. v. Dole Food Co., et al.</u>, Case No. 00-1171-CIV-Gold. This order limited access to information designated as "confidential," including information that involves or relates to trade secrets, to certain categories of individuals, such as outside counsel, and expert witnesses. Protective Order at 2, 5-6. The Confidentiality Order generally precluded such confidential information being disseminated to employees of the parties, with an exception for one identified in-house counsel for Dole and one in-house counsel for Del Monte. <u>Id.</u> at 6.

On October 20, 2000, Del Monte brought a second action, alleging that Dole's hiring of Daniel W. Funk threatened the wrongful disclosure and misappropriation of additional Del Monte trade secrets. Daniel Funk was Del Monte's long-time chief scientist and its senior vice president for research, development, and agricultural services. Funk had access to Del Monte's most valuable trade secrets. Dr. Funk also knew privileged information as he was part of Del Monte's MD-2 litigation team. Del Monte sued Dole and Funk under Florida's Uniform Trade Secrets Act, 688.001 <u>et seq.</u>, seeking to enjoin Funk from working for Dole to prevent the

Case No. 00-1171-CIV-GOLD / SIMONTON

inevitable disclosure of Del Monte's trade secrets. In an Order entered on November 21, 2000, this Court consolidated the two actions.

Although the existing Protective Order was entered before the consolidation of the cases, its provisions should apply to the second complaint as well. Pending clarification from the Court, the parties have agreed temporarily to extend the Protective Order to all matters covered in the consolidated case. By this Motion, Del Monte asks the Court to confirm that the Protective Order applies to confidential information in both actions. Neither Dole nor Funk oppose this relief. In addition, Del Monte asks the Court to modify the Protective Order by (a) establishing a second "highly confidential" category of information that would not be disclosed to any employees of an adverse party, including in-house counsel, and (b) requiring that consultants or expert witnesses to whom such "highly confidential" information is disclosed not be currently working or planning to work for a competitor of the producing party.[1]

## MEMORANDUM OF LAW

A stronger confidentiality order is warranted because the case now involves different, even more sensitive, proprietary information. The MD - 2 litigation concerned a misappropriation that already has occurred; the Funk lawsuit seeks to prevent the disclosure to Dole of trade secrets that Dole does not yet possess, unless it already has obtained them from Funk. Dole has requested Del Monte to produce documents containing this proprietary knowledge. Depositions have already involved examination over such topics, as well.

---

[1] Specifically, Del Monte does not seek to preclude Dr. Funk from seeing any information that would be admissible in the case against him. He already has this information. Del Monte seeks to prevent anyone employed by Dole other than Funk from also learning this information. It is possible that certain information sought by Dole in the litigation over the MD-2 pineapple would be designated as "highly confidential" with respect to Dr. Funk, but if that were to occur, Del Monte agrees such information would only be used in the case against Dole for misappropriation of trade secrets related to the MD-2 pineapple.

The trade secrets at issue include, among other things, Del Monte's knowledge of which pesticides work best on different plants under assorted conditions; its procedures for propagation and cultivation of the MD-2; its quality assurance techniques; and new fruit varieties that Del Monte is currently testing, or in the process of development. Those trade secrets possess great commercial value for Del Monte. Disclosure of such proprietary information to Dole, its largest competitor, would cause Del Monte irreparable harm. See affidavits of Ross McKenney and Zoltan Pinter (submitted in support of Del Monte's motion for preliminary injunction).

Dole's discovery requests expressly call for documents containing these trade secrets. On October 26, 2000, Dole served Del Monte with Defendants' First Request For Production Of Documents To Plaintiffs in Case No. 4000-CIV-Seitz. Request No. 25 seeks: "All DOCUMENTS that describe any and all DEL MONTE trade secrets, information proprietary or confidential to DEL MONTE, and/or privileged DEL MONTE information, that YOU contend is possessed by DANIEL FUNK, including, but not limited to, DOCUMENTS that specifically describe, with particularity, all 'trade secrets' and information referenced in paragraphs, 9, 10, 11, and 12 of YOUR complaint." In response, Del Monte produced over a thousand pages from Daniel Funk's own files, exemplifying the wide variety of confidential research and development projects in which he participated or which he directed.[2]

A court may issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent a party, including in-house counsel, from gaining access to its competitor's trade secrets in order to prevent inadvertent disclosure of those trade secrets. Brown Bag Software v. Symantec Corp., 960 F.2d 1465 (9th Cir. 1992); Matsushita Electric Industrial Co., Ltd. v. United States, 929 F.2d 1577 (Fed. Cir. 1991); U.S. Steel Corp. v. United States, 730 F.2d

---

[2]   Del Monte also objected to the request as overbroad in part and to its call for production of information subject to the attorney-client privilege and work product protection.

1465 (Fed. Cir. 1984). In such a case, the court limits access to a party's trade secrets to the other party's outside counsel and retained consultants.

In deciding whether to grant a request for a protective order, a court must balance the risk of disclosure to the party moving for a protective order against the potential impairment to the opposing party's ability to try its case. See generally Brown Bag Software, 960 F.2d at 1470. Here that balance clearly favors protection. The "highly confidential" category of information would be limited to that information containing trade secrets or other proprietary information, the disclosure of which would cause harm to the producing party. There is no restriction on the access of inside counsel to its own information; the restriction relates to a competitor's proprietary information. Experienced outside counsel, with the assistance of consultants and expert witnesses, are not handicapped by these modest additional restrictions which are important in preventing dissemination of proprietary information.

When the trade secrets at issue would be divulged to a competitor, courts are especially solicitous of the party seeking a protective order. See Allegheny Ludlum Corp. v. Nippon Steel Corp., 1990 WL 6152, at *4 (E.D. Pa. 1990), quoting, Akzo N.V. v. United States Int'l Trade Comm'n, 808 F.2d 1471 (Fed. Cir. 1986), cert. denied, 482 U.S. 909 (1987) ("Obviously, where confidential material is disclosed to an employee of a competitor, the risk of the competitor's obtaining an unfair business advantage may be substantially increased.").

An in-house counsel's assertion that he will not disclose a competitor's trade secrets is not sufficient, courts have held, to guard against inadvertent disclosure, even if the assertion of counsel is made in good faith. "An important reality to note in determining the appropriateness of a protective order is the realization that 'it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-

intentioned the effort may be to do so.'" Micron Technology, Inc. v. Mosel Vitelic Corp., 1999 WL 458168 (D. Idaho 1999), citing Fed. Trade Comm'n v. Exxon Corp., 636 F.2d 1336, 1351 (D.C.Cir. 1980); see also Allegheny Ludlum Corp., 1990 WL 6152, at *4.[3]

In this case, the requested modification to allow both parties to protect against disclosure of their most important trade secrets is warranted. The balancing test tilts sharply in Del Monte's favor because the harm to Del Monte if its trade secrets are disclosed far outweighs any prejudice to Dole if the requested protective order is issued. Dole is Del Monte's most significant competitor. By contrast, neither Dole nor Funk will suffer prejudice if a protective order issues. Cf. U.S. Steel Corp., 730 F.2d at 1468.

## CONCLUSION

For the reasons stated above, Del Monte respectfully requests that this Court modify the existing Protective Order or issue a new order restricting access to documents and information designated as "highly confidential" to outside counsel only and to such consultants or expert

---

[3]   Dole designated Patrick A. Nielson as its in-house counsel with access to confidential documents. In his deposition, Nielson testified that he has worked for Dole for 17 years and currently serves as Vice President – International Legal and Regulatory Affairs for Dole Food Company. He also testified as to the following: Since 1994, Nielson has been an officer of Dole Food Company, Inc. Prior to that, he served as general counsel for Dole Fresh Fruit Company. In his current position, Nielson provides Dole and affiliated, international entities with legal advice on a wide variety of matters, including taxation, union, regulatory, and personnel issues. He also drafts contracts, negotiates agreements, and works on trademark and intellectual property issues.
Among other specific duties, Nielson has advised Dole on matters related to the MD-2 pineapple and the hiring of Funk. Nielson, for example, was copied with the minutes of a Dole meeting at which Dole discussed its need for the MD-2 pineapple and the fact that the MD-2 plant material was being stolen from Del Monte plantations and propagated by independent labs in Costa Rica. See Minutes/Annual Product Meeting Dole Fresh Fruit Europe, May 22, 1997, appended as Exhibit A to Del Monte's Sur Reply in Opposition To Dole's Motion To Dismiss on Basis of Forum Non Conveniens, filed October 17, 2000. Mr. Nielson's involvement in both providing legal advice on business issues and in monitoring litigation matters points up the potential difficulties with any in-house counsel for Dole obtaining access to its primary competitor's trade secrets.

Case No. 00-1171-CIV-GOLD / SIMONTON

witnesses who represent that they are not currently and do not intend to work for the next two years for a competing business.

Dated: January 3, 2001

                        **BOIES, SCHILLER & FLEXNER LLP**
                        2435 Hollywood Boulevard
                        Hollywood, Florida 33020
                        Tel:(954) 929-1190
                        Fax:(954) 929-1185

                        By: _/s/ Stuart H. Singer_
                             Stuart H. Singer
                             Fla. Bar No. 377325
                             Carl E. Goldfarb
                             Fla. Bar No. 125891

                        - and -

                        **KIRKPATRICK & LOCKHART LLP**
                        Carlos M. Sires
                        Fla. Bar No. 319333
                        201 S. Biscayne Boulevard
                        Miami, Florida 33131-2399
                        Tel:(305) 539-3300
                        Fax:(305) 358-7095

Case No. 00-1171-CIV-GOLD / SIMONTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO MODIFY CONFIDENTIALITY ORDER, OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER was served by facsimile transmission and first class mail this 3rd day of January, 2001, upon the following:

Suzanne C. Jones, Esq.
JONES, DAY, REAVIS & POGUE
Attorney for Dole Defendants
555 W. Fifth Street, Suite 4600
Los Angeles, California 90013

Harley S. Tropin, Esq.
KOZYAK, TROPIN & THROCKMORTON, P.A.
Co-Counsel for Dole Defendants
2800 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

Brian O'Neill, Esq.
O'NEILL LYSAGHT & SUN, LLP
Attorneys for Daniel W. Funk
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401

Gerald J. Houlihan, Esq.
HOULIHAN & PARTNERS, P.A.
Co-Counsel for Daniel W. Funk
Suite 600
2600 Douglas Road
Miami, Florida 33134

_____
Stuart Singer